[No. 5183.   Decided April 4, 1895.]

OUDIN & BERGMAN FIRE CLAY MINING & MANUFACTURING COMPANY, *Apppellant*, v. THOMAS F. CONLAN *et al.*, *Respondents.*[1]

RECEIVERS—APPEAL AND ERROR—SUPERSEDEAS OF TEMPORARY RECEIVERSHIP—JUDGMENT—REMANDING WITH RECOURSE TO BOND IN LIEU OF APPOINTMENT OF RECEIVER. Upon appeal from an order appointing a temporary receiver of a corporation, with a supersedeas of the receivership pending the appeal, the supreme court will not prejudice the trial on the merits by discussing the merits, where there was no abuse of discretion in appointing the receiver, and the cause may be remanded with directions that the super-

[1]Reported in 80 Pac. 283.

sedeas bond stand in lieu of the receivership until the termination of the merits of the case, with recourse thereto by respondents for any loss sustained by reason of superseding the receivership.

Appeal from an order of the superior court for Spokane county, Richardson, J., entered January 12, 1904, appointing a temporary receiver pending the action, upon application of the defendants, after a hearing upon affidavits and the cross-complaint of the defendants, in an action for an injunction. Remanded with recourse to the supersedeas bond.

*W. J. Thayer,* for appellant.

*Danson & Huneke* and *R. L. Edmiston,* for respondents.

FULLERTON, J.—The appellant, a corporation, began an action against the respondents seeking to have them enjoined from acting as its trustees, alleging that they had unlawfully and without right assumed to act as such, and had attempted to oust from its management the only person lawfully having that authority. The respondents for answer denied many of the allegations of the complaint, and filed a cross-complaint, in which they asked that the affairs of the corporation be wound up, that its property be sold, and that the proceeds of the sale be divided among those lawfully entitled to the same, and that the court appoint a receiver for that purpose. On filing their answer they moved for the appointment of a receiver pending the action. This motion was denied by the judge before whom it was first heard, but later on the application was renewed before another judge of the same court, who appointed a receiver and directed him to take possession, charge, and control of all the property of the corporation, pending the final determination of the action between the parties. The appellant excepted to the order,

and appealed therefrom, giving a bond superseding the receiver pending the appeal.

The record sets forth the grievances of the parties at length, but we shall not discuss the evidence, as the cause is pending for trial in the court below, and we do nott care to prejudice a trial of the merits. Suffice it to say, therefore, that we think there was no abuse of discretion in appointing the receiver. As, however, the appellant has superseded the receiver, and given a bond in the sum of five thousand dollars, conditioned that it will satisfy and perform any order this court may render or make on this appeal, the remittitur will not go to reinstate the receiver, but will direct that the bond stand in lieu of the receiver, and that the possession of the property remain with its present custodians until the final determination of the merits of the case by the court below; the respondents to have recourse upon such bond for any losses they may sustain, or may have sustained by reason of the supersedeas, or the order of this court extending the same. Neither party shall recover costs on this appeal.

MOUNT, C. J., HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.